## IN THE COURT OF APPEALS OF IOWA

No. 17-0837
Filed February 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHARLES SMITH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Timothy J. Finn, Judge.

        A defendant appeals asserting there is a lack of evidence to support his conviction. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson and Tyler J. Buller, Assistant Attorneys General, and Sarah Keely, Student Legal Intern, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Following a bench trial on the minutes, Charles Smith appeals his conviction for accessory after the fact, in violation of Iowa Code section 703.3 (2017). He asserts the evidence was insufficient to prove he "harbor[ed], aid[ed], or conceal[ed] the person who committed the offense, with the intent to prevent the apprehension of the person who committed the offense"—the third element of the crime of accessory after the fact. *See* Iowa Code § 703.3.[1]

Sufficiency-of-evidence claims are reviewed for the correction of errors at law. *State v. Ortiz*, 905 N.W.2d 174, 179 (Iowa 2017). We consider all of the evidence viewed "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Id.* at 180. A verdict of guilty is upheld when it is supported by substantial evidence. *Id.* "Evidence is . . . substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted).

Smith agreed to a bench trial on the minutes of testimony. It is reasonable to deduce from the minutes of testimony that Smith was a passenger, sitting behind

---

[1] Iowa Code section 703.3 provides:

> Any person having knowledge that a public offense has been committed and that a certain person committed it, and who does not stand in the relation of husband or wife to the person who committed the offense, who harbors, aids or conceals the person who committed the offense, with the intent to prevent the apprehension of the person who committed the offense, commits an aggravated misdemeanor if the public offense committed was a felony, or commits a simple misdemeanor if the public offense was a misdemeanor.

Smith does not contest the sufficiency of the evidence to support the first two elements of the crime—he had knowledge a public offense was committed and knowledge of who committed the offense. We will thus address only the third element.

the driver, of a vehicle in Ames, when the passenger-side occupants of that vehicle fired two guns into a crowd of people, injuring three in the early morning hours of February 19, 2017. Police exchanged gunfire with the occupants of the vehicle, and the vehicle drove away. Approximately one hour later, that same vehicle arrived at the Fort Dodge hospital. Smith exited the car and assisted the passenger-side occupants into the hospital so they could receive medical care for their gunshot injuries. Smith reentered the vehicle with the driver and left once the injured occupants were inside the hospital, approximately three minutes after arriving. The vehicle, riddled with bullet holes, was then driven to the Budget Host Inn hotel where it was abandoned. Smith and the driver then walked to a college dormitory where Smith resided. Officers searched the dormitory, and Smith and the driver were discovered in a room that was not rented to Smith. When interviewed by police, Smith admitted being in the car but denied shots were fired from the car, denied seeing any guns, and denied seeing any blood or knowing where the passenger-side occupants had been shot. Smith denied participation in the shooting and denied seeing or hearing anything.

Smith maintains on appeal that simply being a passenger in a vehicle that is involved in a drive-by shooting and assisting injured friends into a hospital is not sufficient to support a conviction for accessory after the fact by aiding the persons who committed the offenses. However, the minutes of evidence contain additional information.

When viewed in the light most favorable to the State, we conclude there was sufficient evidence in the record to prove Smith aided the passenger-side occupants with the intent to prevent their apprehension by assisting them into a

hospital located one hour away from where the shooting occurred, then hiding the vehicle in a hotel parking lot, concealing himself in a dormitory room that did not belong to him, and finally, lying to the police regarding the events of that night upon his arrest. Because substantial evidence supports the guilty verdict, we affirm Smith's conviction and sentence.

**AFFIRMED.**